In the Matter of the Application of GEORGE LENNOX to Be Registered as a Voter in the Third Election District of the Second Ward of the City of Yonkers, N. Y.

Supreme Court, Westchester Special Term, October, 1923.

**Elections — board of registry — court without power to direct registration of elector at hospital — section 331 of Election Law construed.**

Under the present Election Law the court is without power to direct a board of registry to appear with their books and papers at a certain hospital where an elector is a patient and register him in the registry books of the election district and furnish him with an enrollment blank, and an application for an order that the board of registry so proceed will be denied.

Section 331 of the Election Law relating to judicial review as to registration unlawfully refused, contains no provision by virtue of which the court would be justified in directing a board of registry to meet at any place other than as designated by the statute.

APPLICATION for mandamus.

*William H. Torpey*, for applicant.

TAYLOR, GEORGE H., JR., J. This is an application for an order directing the board of registry of the third election district of the second ward of the city of Yonkers to appear with their books and papers at a certain hospital where the applicant is a patient, and properly register the applicant in the registry books of the said election district, and to furnish him with an enrollment blank for primary purposes, pursuant to law. The applicant is shown to be so ill and incapacitated that he cannot attend at the place

designated by law for the registration of the voters of said election district. The application was originally made to me while I was presiding at the Trial Term. I referred it to a distinguished and experienced colleague who presides at the present Special Term for motions. He did not grant the application, but, as I am informed, permitted the same to be presented to me again. In the limited time at my disposal I have examined the matter in the light of its importance to the public in general and to the applicant in particular, and with a view of determining whether under the present state of the law, the court has the right to direct the board of registry to register the applicant in the manner suggested by him, at a place which is not the place designated under the law as the legal place for the registration of voters. The regrettable result of a decision adverse to the applicant will be that, in view of his condition, it will practically disfranchise him in the coming election.

The place for the registration of voters in the election district in question presumably has been fixed in accordance with the provisions of law. See Election Law, § 66. It appears, in effect, from the petition that such place so fixed is not the place suggested by the applicant as the place where his registration should be had. The law provides for the physical characteristics of the legal place of registration. Election Law, § 66. There is nothing in the Election Law which permits registration to be had in any other place than that designated by law. See Election Law generally, and section 66 thereof in particular. The annual meetings for the registration of voters in a city having the population of Yonkers are provided by law to be held " at the place designated therefor." Election Law, § 153, subd. 1. No other place is contemplated or provided for in the statute. It is clear, therefore, that the applicant is suggesting that his registration should be had in a place other than that provided by law. The meetings of the board for the registration of voters must be public, and the flag must be displayed (Election Law, § 160); and the provisions of the statute generally contemplate a public place and certain formalities, which cannot be effectually had at any other place than the place designated by law.

The Election Law provides (§ 331) for a review by the Supreme Court or a justice thereof of the case of any voter " to whom registration unlawfully has been refused." The case at bar is not such a case, and the section relating to judicial review as to registration contains no provision by virtue of which the court would be justified in directing the meeting of the board at the hospital where the applicant is a patient, or in any other place than that designated in accordance with the law.

37

Supreme Court, October, 1923.          [Vol. 121

In my study of this matter I have carefully considered the unfortunate situation of this applicant, qualified to be registered, but unable because of his infirmity to attend at the place of registration. I have also given careful and thoughtful consideration to the action recently taken by one of the most learned and distinguished justices in the second department, who, I am informed, directed, by order, the meeting of a board of registry at the residence of a distinguished citizen of the city of New York, for the purpose of the registration of that voter by the said board. While entirely respectful of that determination of my said colleague who exercised co-ordinate jurisdiction with myself, I have arrived at a different conclusion. If it is legally possible that boards of registry may be directed to convene at the homes or other places where voters, who are ill and disabled, are confined, in cities where the population is large and such cases are numerous, it would appear that the work of these boards in the registration of voters would be seriously hampered and confusion created; because if one temporarily disabled voter is entitled to have this relief, every one similarly situated is entitled to have it; and it is well within the possibilities that the time of the board would be taken up by going to these different places instead of holding the meetings contemplated by law at the place legally designated for the registration of voters.

Application denied, without costs.

Ordered accordingly.